# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| TERRY BACON, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CV414-255 |
| EFFINGHAM COUNTY, | ) ) ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Terry Bacon has filed a 28 U.S.C. § 2254 petition challenging his 1992 conviction for murder and kidnapping. Doc. 1 at 1. Because he is indigent, the Court **GRANTS** his *in forma pauperis* motion. Doc. 2. However, upon preliminary review under Rule 4 of the Rules Governing Proceedings under 28 U.S.C. § 2254, his petition must be denied.

Bacon says he took no appeal from his Superior Court of Effingham County, Georgia conviction, *id.* at 2, yet the Court has located *Bacon v. State*, 267 Ga. 325, 325 (1996) ("The appellants, Terry Bacon, Michnichello Anthony Pryor, and Jack Winfield Jiles, Jr., were jointly tried and convicted for the malice murder and kidnaping of James Pickett."); *see also id.* at 330 ("Contrary to Bacon's only contention, we conclude that the evidence was sufficient for a rational trier of fact to find

him guilty of murder and kidnaping beyond a reasonable doubt."); *id.* (judgment affirmed).

In any event, Bacon seeks *not* to undo his conviction and thus implicate the one-year limitations period set forth in 28 U.S.C. § 2244(d). Rather, he maintains that he received two, concurrent 20-year sentences, is now on his 23rd year in prison, and thus contends he is entitled to relief from "False Imprisonment." Doc. 1 at 5.[1] He is wrong. "Bacon received concurrent *life* sentences for murder and kidnaping. . . ." *Bacon*, 267 Ga. at 326 n. 1 (emphasis added); *see also* attached Georgia Dept. of Corr. Offender Record ("Life Sentence").

So exhaustion issues aside,[2] his claim -- to the extent it may be said to sound in habeas and that federal habeas relief exists for an "exceeded sentence" -- fails on its face. And to the extent his claim is premised on 42 U.S.C. § 1983, it is "*Heck*-barred" (i.e., he must first get his conviction

---

1  He also wants someone to pay him "four million dollars" for that "false imprisonment." Doc. 1 at 5. He evidently seeks the same relief in *Bacon v. Sheriff Jerry Williams*, CV414-229, doc. 1 (S.D. Ga. Oct. 20, 2014), where the Court is awaiting his *in forma pauperis* paperwork before proceeding with that case.

2  He contradictorily claims that he sought some sort of collateral review of his state court conviction, doc. 1 at 3, yet deems "NA" (Not Applicable?) any details about it, including filing dates and places.

and sentence vacated before seeking damages based on it).[3]

For that matter, his claim is against a county, but it fails for lack of material elements (a custom or policy that caused the injury). *Richardson v. Hamilton County*, 2009 WL 922361 at * 3 (S.D. Ohio Apr. 1, 2009) ("Plaintiff's complaint fails to state a claim for relief under § 1983 against Hamilton County because municipalities and counties are not vicariously liable for the actions of their employees under § 1983. . . . To state a claim for relief against Hamilton County for his injuries, plaintiff must allege that those injuries were the result of an unconstitutional policy or custom of the County. Municipalities and other governmental entities cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom and the alleged

---

3 In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

512 U.S. at 486–87.

deprivation. . . . Plaintiff's complaint fails to allege any facts showing that the failure to release him upon the expiration of his sentence was pursuant to a policy or custom of the Sheriff's Department or County.") (quotes and cites omitted).

Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this 18th day of December, 2014.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA